UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RAY D. BRISTER**<br>DOC # 383050 | : | **DOCKET NO. 17-cv-1148**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **SHERIFFS DEPT JEFFERSON**<br>**DAVIS PARISH, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint [doc. 5] filed pursuant to 42 U.S.C. § 1983 by plaintiff Ray D. Brister, who is proceeding *pro se* and *in forma pauperis* in this matter. Brister is a pretrial detainee and is currently incarcerated at Concordia Parish Correctional Facility ("CPCF") in Ferriday, Louisiana. *See id.* at 2. However, his complaint relates to events that occurred, in part, while he was incarcerated at Jefferson Davis Parish Jail ("JDPJ") in Jennings, Louisiana. Docs. 1, 5.

### I.
#### BACKGROUND

In his complaint, Brister states that he began complaining about testicular pain in January 2017, while incarcerated at CPCF. Doc. 5, p. 3. He states that the doctor tried different medications, which did not work, and that he was also sent to see specialists, who told him that surgery was the only treatment. *Id.* at 3, 5. In May 2017, he was sent back to JDPJ, where he alleges that another doctor said that he required surgery. *Id.* at 5. However, Brister maintains, JDPJ Warden Locke told him that the Jefferson Davis Parish Police Jury would not pay for the surgery and he would have to wait until he was released. *Id.* In August 2017, Brister was sent to the hospital, where an

ultrasound revealed that he had a cyst on his right testicle and a doctor gave him medication which temporarily alleviated the swelling. *Id.* at 5–6. Brister claims that JDPJ continued to deny approval for the surgery, stating that it was a pre-existing medical condition dating back to 2005. *Id.* at 6. Brister states that he continued to file grievances, seeking medical treatment, until he was transferred back to CPCF "because they said I was bothering them so much about my medical problems." *Id.* He maintains that his life is in danger at CPCF, where he is now in 24-hour protective custody, as he was originally moved out of that facility for having reported two inmates there to the police. *Id.* at 5–6. He requests $600,000 in monetary damages for "pain & suffering and for not caring about my life's situation." *Id.* at 6.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Brister has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. *Rule 8*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted). Accordingly, Brister must amend his complaint to allege:

(1) A description of what **each** defendant did to violate his rights;

(2) the place and dates on which these events allegedly occurred;

(3) a specific statement of his damages/the basis of his claim for monetary relief.

### D. *Theories of the Complaint*

But for the Rule 8 deficiencies noted above, which must be corrected so that this court can determine which parties Brister seeks to hold responsible and so that defendants have notice of the

claims against them, Brister's medical care and retaliation claims are sufficiently pleaded to survive this court's review. However, he has named an improper party to this action and must dismiss it.

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2017 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Accordingly, the Jefferson Davis Sheriff's Department is not a proper defendant to this action and Brister should dismiss his claims against it.

### III.
#### CONCLUSION

Brister's pro se complaint is deficient as described above. Before this court can determine the proper disposition of his action, he should be given the opportunity to remedy the deficiencies or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Brister at his last address on file.

**IT IS ORDERED** that Brister amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Brister is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE