**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **RAY D. BRISTER**<br>**D.O.C. # 383050** | **:** | **DOCKET NO. 17-cv-1148**<br>**SECTION P** |
| **VERSUS** | **:** | **UNASSIGNED DISTRICT JUDGE** |
| **POLICE JURY OF JEFFERSON DAVIS PARISH, ET AL.** | **:** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court are Motions for Summary Judgment [docs. 40, 44] filed by the Police Jury of Jefferson Davis Parish ("Police Jury") and the individual defendants named in this matter, respectively. Both motions relate to the pro se complaint and amendments thereto filed under 42 U.S.C. § 1983 by Ray D. Brister. Brister has not responded to either motion and his time for doing so has passed. Accordingly, both motions are regarded as unopposed. They have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I.
### BACKGROUND

Brister alleges that he received inadequate medical care while on pretrial detention at the Jefferson Davis Parish Jail ("JDPJ") in Jennings, Louisiana, resulting in a violation of his constitutional rights under the Eighth Amendment. Doc. 5. Specifically, he asserts that he began complaining of testicular pain and swelling in January 2017, while housed at Concordia Parish Correctional Facility ("CPCF"). Doc. 5, p. 3. He was seen by doctors and placed on different

medications, which did not work. *Id.* Eventually, the doctor at CPCF said that he needed surgery and sent him to a hospital in Shreveport, Louisiana. *Id.* at 3, 5. Brister underwent an ultrasound there and was told by two physicians that he needed surgery. *Id.* at 5. He returned to the hospital on May 5, 2017, to see a urologist, who also recommended surgery and scheduled him for another appointment in November 2017. *Id.*

On May 27, Brister was transferred back to JDPJ because of safety concerns at CPCF. *Id.* The next day he saw the facility nurse at JDPJ and was then sent to a physician, who also said that he needed to surgery to address his testicular issues. *Id.* The physician prescribed medication, which Brister again claims did not work. *Id.* When Brister returned to the jail, he told the warden that he needed surgery but was told that the parish would not pay for the operation. *Id.* After Brister filed a grievance in August 2017, the warden sent him to a local hospital, where an ultrasound revealed a new cyst on his testicle and fluid in the sac. *Id.* The doctor prescribed medication for swelling and infection, but Brister complains that the medication only resulted in some alleviation and that his symptoms returned once it was discontinued a few days later. *Id.* at 5–6. Still, he asserts, the warden refused to approve the surgery and asserted that the Police Jury would not cover the expense because it cost too much and related to a preexisting condition. *Id.*; doc. 12, p. 1. He also asserts that he was returned to CPCJ in September 2017, after filing grievances relating to his health care, even though defendants knew his life was in danger there. Doc. 5, p. 6.

Brister filed suit in this court on September 6, 2017, asserting that the above allegations amount to constitutional violations and that he is entitled to monetary damages. Docs. 1, 5, 12. As defendants he names the Police Jury, Deputy Sheriff Chris Ivy, Sheriff Ivy Woods, and Warden Locke, as well as other parties subsequently dismissed from the suit. Specifically, he alleges that the Police Jury/Warden Locke are liable for refusing him medical attention and that the Police Jury

is well aware "that this is not a pre-existing condition[;] that this happened on their watch."[1] Doc. 5; doc. 14, atts. 2–3. He also asserts that Warden Locke is liable for "going against his word and shipping me back to [CPCF]" despite knowing that Brister's life was in danger there. Doc. 14, att. 2. Finally, he asserts that Sheriff Ivy Woods is liable for returning him to CPCF and that Deputy Sheriff Chris Ivy is liable for refusing him appropriate medical attention. Doc. 14; doc. 14, att. 1.

The Police Jury and individual defendants have now filed motions for summary judgment, asserting that they are entitled to judgment as a matter of law on all of Brister's claims. Docs. 40, 44. Brister was granted an extension of time to respond to both motions but has failed to do so. *See* doc. 52. Accordingly, the motions are regarded as unopposed.

## II.
## LEGAL STANDARDS

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere

[1] Some of these allegations are drawn from "Supporting Letters" authored by Brister and regarding each defendant. *See* doc. 14 and atts. 1–3. The Police Jury complains that these allegations should not be considered because they are not part of the complaint or amendments thereto. Doc. 40, att. 1, p. 4 n. 9. The docket sheet for this matter, however, shows that at least one of the letters sent to the United States Marshal for service on defendants. *See* doc. 15. In light of the plaintiff's pro se status and because these letters have been clearly marked on the docket sheet since the time defendants were served, the court will consider any allegations made therein as amendments or supplements to the complaint.

allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). Neither conclusory allegations nor unsubstantiated assertions will satisfy the movant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994 (en banc). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## APPLICATION

### *A. Municipal Liability*

The Police Jury moves for summary judgment on the basis that it had no responsibility over prisoner medical care and that Brister therefore fails to show a basis for municipal liability under 42 U.S.C. § 1983. That statute creates a private right of action against individuals who violate a plaintiff's constitutional rights while acting under color of state law. *E.g.*, *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). Municipalities and local government bodies are "persons" within the meaning of § 1983. *Monell v. Dep't of Soc. Svcs.*, 98 S.Ct. 2018, 2035–36 (1978). However, liability under § 1983 is individual and cannot be found on the basis of *respondeat superior*. *E.g.*, *Pierce v. Tex. Dep't of Crim. Justice, Investig. Div.*, 37 F.3d 1146, 1150 (5th Cir.

1994). Accordingly, such a body can only be held liable if the plaintiff demonstrates that it employed an unconstitutional policy or custom that caused the alleged constitutional deprivations. *Monell*, 98 S.Ct. at 2036.

Under Louisiana law, the sheriff's office has the obligation to provide medical care to prisoners. *Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 613 (E.D. La. 1998). The parish has no authority to manage sheriff's office employees or shape policies concerning the jail. *Id.* Any unconstitutional policy or custom at the jail is the fault of the sheriff and cannot be imputed to the police jury. *Id.* Accordingly, there is no basis in law for Brister's claims against the Jefferson Davis Parish Police Jury.

***B. Exhaustion of Administrative Remedies***

The individual defendants assert that they are entitled to summary judgment on several grounds, first among these Brister's failure to exhaust administrative remedies for his claims. Doc. 44, att. 1.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a lawsuit relating to prison conditions under § 1983 or any other federal law until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). These provisions apply to convicted inmates as well as pretrial detainees. *See id.* at 1997e(h). Additionally, the prisoner's use of administrative remedies must comply with the applicable deadlines and other critical procedural rules in order to qualify as exhaustion. *Woodford v. Ngo*, 126 S.Ct. 2378, 2386 (2006). District courts have no discretion to waive a prisoner's failure to properly exhaust the administrative remedy process before filing suit. *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). However, the Fifth Circuit recognizes exceptions to the exhaustion requirement in cases involving interference by prison officials or reliance on an officer's statement that effectively rendered administrative remedies

unavailable. *Huff v. Neal*, 555 Fed.Appx. 289, 294–95 (5th Cir. 2014). Failure to exhaust is an affirmative defense, meaning that defendants have the burden of demonstrating it. *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015). At the summary judgment stage, defendants must establish the essential elements of the defense "beyond peradventure" to show a right to judgment as a matter of law. *Id.* (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).

Correctional facilities in Louisiana generally employ a two-step administrative remedy procedure. *Dillon*, 596 F.3d at 265 (5th Cir. 2010). Under this procedure, an inmate first submits his grievance to the warden at the facility where the incident occurred.[2] *Id.* at 265–66. If the inmate is dissatisfied with the warden's response or does not receive a response in a timely manner, he may then appeal to the Louisiana Secretary of the Department of Public Safety and Corrections. *Id.* at 266. An inmate may only file suit in district court if he is unsatisfied with the second step response. *Id.* at 265–66.

In this matter Brister asserts that he filed a "grievance form" but that "it's only in house." Doc. 5, p. 2. He attaches three grievances filed at the JDPJ in August 2017, all of which relate to his medical care and contain a response from that month (before Brister was returned to CPCF). Doc. 5, att. 1. He also acknowledges that administrative remedies are available at CPCF, where he was transferred in September 2017. He provides no excuse, other than his pre-trial status, to explain why he did not pursue remedies at the second step. Because the PLRA's exhaustion requirement applies to pretrial detainees and remedies were available to Brister, there is no basis for an exception. Accordingly, the remaining defendants are entitled to judgment as a matter of law. The court need not consider the remaining bases for summary judgment.

[2] If the subject matter of the complaint is sensitive and the inmate fears retaliation, he may skip the first step and file his grievance with the Assistant Secretary of Adult Services. *Dillon*, 596 F.3d at 266.

## IV.
## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motions for Summary Judgment [docs. 40, 44] be **GRANTED** and that all claims in this matter be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of May, 2019.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE